# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In Re  Larry R. Hanover,           )
                                   )
                                   )  Bankruptcy No.  13-27322
                                   )
           Debtor.                 )  Chapter          7

## COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION
### (IN CASES UNDER CHAPTERS 7, 11 AND 12)

Name of Applicant: __Nixon Peabody LLP__

Authorized to Provide Professional Services to: __R. Scott Alsterda, Chapter 7 Trustee__

Date of Order Authorizing Employment: __July 23, 2013 [Dkt. 15] effective as of July 23, 2013__

Period for Which Compensation is Sought:
From __July 23__, __2013__ through __May 27__, __2016__

Amount of Fees Sought:  $ __3,180.50__

Amount of Expense Reimbursement Sought:  $ __6.44__

This is an:   Interim Application _____     Final Application __✓__

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
|   |   |   |   |   |

Dated:  __November 15, 2016__                          __R. Scott Alsterda__
                                                              (Counsel)

(Rev 11/19/10)

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| LARRY R. HANOVER, | ) | Case No. 13-27322 |
| | ) | Honorable Jacqueline P. Cox |
| Debtor. | ) | |
| | ) | |

**FIRST AND FINAL APPLICATION OF TRUSTEE'S COUNSEL
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

R. SCOTT ALSTERDA and NIXON PEABODY LLP (collectively "NP"), counsel for the Trustee pursuant to 11 U.S.C. §330 and FRBP 2016 submits this first and final application for compensation and reimbursement of expenses and represents to the Court as follows:

1. Larry R. Hanover (the "Debtor") filed his voluntary petition under Chapter 7 of the Bankruptcy Code on July 6, 2013 [Dkt. 1].

2. The Trustee filed his Initial Report of Assets on August 22, 2013 [Dkt. 11].

3. On August 28, 2013, an order was entered approving the employment of Ungaretti & Harris LLP as counsel for the Trustee [Dkt. 15]. On November 17, 2016, an order was entered approving the substitution of Nixon Peabody LLP as Trustee's counsel pursuant to a merger of the two law firms. Copies of the August 28, 2013 Order and the November 17, 2016 Order are attached hereto as Exhibit "A."

**CASE SUMMARY**

4. The initial meeting of creditors was scheduled for August 22, 2013.

5. The Debtor appeared at the initial meeting of creditors and was examined by the Trustee.

6. The Debtor's Schedule A listed a "Disney World Time Share" with a value of $15,000 (the "Time Share").

7. The Debtor's Schedule B listed a "Personal Seat License for the Chicago Bears" with a value of $19,500 (the "Bears PSL").

8. The Trustee concluded that the Time Share and the Bears PSL both appeared to have value for the benefit of creditors and the Trustee decided to retain NP as his counsel to assist in selling both assets.

9. On August 19, 2013, the Trustee filed the *Trustee's Application to Employ Ungaretti & Harris LLP as Legal Counsel* [Dkt. 10] and the Court granted the relief sought in the application on August 28, 2013 [Dkt. 15].

10. On November 7, 2016, Trustee's Counsel filed a *Motion to Amend the Order Authorizing the Trustee's Employment of Counsel to Substitute Nixon Peabody LLP as Trustee Counsel* [Dkt. 30] and the Court granted the relief sought in the motion on November 17, 2016 [Dkt. 30].

11. The Trustee with the assistance of NP negotiated a sale of the Bankruptcy Estate's interest in the Time Share to the Debtor and his spouse for the sum of $11,500.

12. On August 27, 2013, NP filed the *Trustee's Motion to Sell the Estate's Right, Title and Interest in the Debtor's 50% Interest in Two Walt Disney World Condominium Timeshares and Related Membership Benefits to Larry R. Hanover and Karen A. Hanover* [Dkt. 14] (the "Time Share Sale Motion").

13. The Court granted the relief sought in the Time Share Sale Motion and entered an Order granting the Time Share Sale Motion on September 19, 2013 [Dkt. 20].

14. Thereafter, the Trustee received the sum of $11,500 from the Debtor and with the assistance of NP, the Trustee executed and delivered a Quit Claim Assignment of the Time Share to the Debtor and his spouse.

15. The Trustee with the assistance of NP explored the pricing and sale prospects of the Bears PSL, however it was determined that the Debtor's scheduled value of the Bears PSL ($19,000) was significantly overstated and the Trustee will abandon the Bankruptcy Estate's interest in the Bears PSL when this case is closed.

16. The Trustee and his counsel have reviewed the proofs of claim filed in this case, the Trustee has reviewed the tax return filing requirements and the Trustee is ready to distribute the funds on hand.

## DESCRIPTION OF LEGAL SERVICES

17. The nature and extent of the services which NP provided to the Trustee for July 23, 2013 through May 27, 2016 are summarized in the following paragraphs.

18. <u>Asset Analysis and Recovery (B-120)</u>. NP provided .60 hours of services to the Trustee with a value of $265.00 related to the Trustee's review of assets to be administered in the Chapter 7 bankruptcy case. These services included reviewing the Bankruptcy Estate's interest in the Time Share and drafting the Trustee's counteroffer for the Time Share.

19. <u>Asset Disposition (B-130)</u>. NP provided 4.80 hours of services to the Trustee with a value of $1,988.00 related to the Trustee's recovery of assets to be administered in the Chapter 7 bankruptcy case. These services included reviewing documents related to the sale of the Time Share and drafting the Trustee's motion to sell the Time Share including the notice of hearing and proposed order. The services also included a court appearance for a hearing on the sale motion. NP assisted the Trustee in closing the sale of the Time Share which included drafting the Trustee's Quit Claim Assignment of the Time Share to the Debtor and his spouse.

3

20.  <u>Fee/Employment Applications (B-160)</u>.  NP provided 1.30 hours of services to the Trustee with a value of $515.50 related to the Trustee's employment of legal counsel.  These services included drafting the Trustee's motion to employ NP as his bankruptcy counsel and a court appearance on the employment motion.

21.  <u>Tax Issues (B-240)</u>.  NP provided .40 hours of services to the Trustee with a value of $206.00 related to various tax issues.  These services included correspondence with a tax accountant regarding the tax basis for the Time Share.

22.  <u>Claims Administration and Objections (B-310)</u>.  NP provided 0.40 of services to the Trustee with a value of $206.00 related to the claims of various creditors.  These services included reviewing of the proofs of claims and the Debtor's scheduled claims.

23.  <u>Summary of Services</u>.  The services provided to the Trustee by NP are summarized as follows:

| **CATEGORY** | **TASK CODES** | **HOURS** | **VALUE** |
|---|---|---|---|
| Asset Analysis and Recovery | B-120 | 0.60 | $265.00 |
| Asset Disposition | B-130 | 4.80 | $1,988.00 |
| Fee/Employment Applications | B-160 | 1.30 | $515.50 |
| Tax Issues | B-240 | 0.40 | $206.00 |
| Claims Administration and Objections | B-310 | 0.40 | $206.00 |
| **TOTAL** |  | **7.50** | **$3,180.50** |

24.  Attached as Exhibit "B" is an itemized statement of the legal services rendered by NP and classified by the various tasks in chronological order.  The statement reflects the legal services rendered, the time expended, the value of the services, and a description of the work performed.

25.  The time expended and services rendered by the individual NP attorney is summarized as follows:

4

| Attorney | Hours | Hourly Rate | Total |
|---|---|---|---|
| R. Scott Alsterda | 4.40 | $515.00 | $2,266.00 |
| Patrick Ross | 3.10 | $295.00 | $914.50 |
| TOTAL | **7.50** | | **$3,180.50** |

26.     Exhibit "B" also includes an itemized statement of the actual expenses incurred by NP in connection with its representation of the Trustee. This expense includes postage for a total amount of $6.44.

27.     Based on the nature, extent and value of services performed by NP, the results achieved, and the costs of comparable services, the compensation being sought by NP is fair and reasonable.

28.     At all times during NP's representation of the Trustee, NP was a disinterested person and neither represented nor held an interest adverse to the estate with respect to matters on which NP was employed.

## PRAYER FOR RELIEF

WHEREFORE, NP requests that it be awarded reasonable compensation in the amount of $3,180.50 for legal services rendered in this case and reimbursement of actual and necessary expenses in the amount of $6.44

DATE: December 6, 2016                       Respectfully Submitted

                                                           NIXON PEABODY LLP

Of Counsel:
R. Scott Alsterda (ARDC 3126771)          /s/ R. Scott Alsterda
Nixon Peabody LLP
70 West Madison, Suite 3500
Chicago, IL  60602-4283
312-977-9203
rsalsterda@nixonpeabody.com

5